UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|   |   |   |
|---|---|---|
| JOHN J. MARTOCCI, JR., | : | |
| Plaintiff, | : | Civil No. 11-882 (JLL) |
| v. | : | |
| DEPARTMENT OF CORRECTIONS, et al., | : | **O R D E R** |
| Defendants. | : | |

The Court having considered the Plaintiff's application to proceed in forma pauperis and file the complaint without prepayment of fees pursuant to 28 U.S.C. § 1915; and the Court having screened the complaint to determine whether dismissal is warranted pursuant to 28 U.S.C. § 1915(e)(2); and the Court finding that dismissal of the Plaintiff's complaint is not warranted at this time; and it appearing that claims against Defendant New Jersey Department of Corrections must be dismissed, see Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989)(stating that New Jersey Department of Corrections and state prison facilities not "persons" under § 1983); and it further appearing that Defendant State of New Jersey is immune from suit under 42 U.S.C. § 1983, see Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984) (stating that the Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought);

It is on this 22nd day of June, 2011;

ORDERED that Plaintiff may proceed in forma pauperis without prepayment of the $350.00 filing fee pursuant to 28 U.S.C. § 1915(a) and (b); and it is further

ORDERED that the Clerk of the Court is directed to file the Complaint in the above-captioned action; and it is further

ORDERED that Defendant New Jersey Department of Corrections is dismissed from this action, with prejudice; and it is further

ORDERED that Defendant State of New Jersey is dismissed from this action, with prejudice; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Order by regular mail on the Attorney General for the State of New Jersey and on the warden of the Kintock Group; and it is further

ORDERED that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation; and it is further

ORDERED that in each month that the amount in Plaintiff's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, pursuant to 28 U.S.C. § 1915(b)(2), and each

payment shall reference the civil docket number of this action; and it is further

ORDERED that the Clerk of the Court shall issue summons, and the United States Marshal shall serve a copy of the Complaint, summons, and this Order upon the remaining Defendants pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States; and it is further

ORDERED that the remaining Defendants shall file and serve a responsive pleading within the time specified in Federal Rule of Civil Procedure 12, pursuant to 42 U.S.C. § 1997e(g)(2); and it is further

ORDERED that Plaintiff's request for the appointment of counsel is hereby DENIED without prejudice, because at this early point in litigation where the Defendants have not yet answered, the Plaintiff has not met the factors set forth in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993)(explaining the requirements for eligibility for appointment of pro bono counsel); and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify the Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel in accordance with the factors set forth in Tabron, 6 F.3d at 147, which sets forth the requirements for eligibility for appointment of pro bono

counsel. Plaintiff is advised that such appointment is not automatic; and it is further

ORDERED that the Clerk shall enclose with such notice a copy of Appendix H and a form Application for Appointment of Pro Bono Counsel; and it is finally

ORDERED that, if at any time the Plaintiff seeks the appointment of pro bono counsel, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the Application for Appointment of Pro Bono Counsel by regular mail upon each party at his last known address, or, if the party is represented in this action by an attorney, upon the party's attorney at the attorney's address, and (2) file a Certificate of Service with the Application for Pro Bono Counsel.

/s/ Jose L. Linares
JOSE L. LINARES
United States District Judge